| | |
|---|---|
| 1<br>2<br>3 | **TEKER TORRES & TEKER, P.C.**<br>SUITE 2A, 130 ASPINALL AVENUE<br>HAGÅTÑA, GUAM 96910<br>TELEPHONE: (671) 477-9891-4<br>FACSIMILE: (671) 472-2601 |

*Attorneys for the Estate of*
*Roland Anthony Boudreau, Deceased*

**FILED**
DISTRICT COURT OF GUAM
AUG 30 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

CASSANDRA CHAU TRUONG,            )   CIVIL CASE NO. CV **06-00022**
Administratrix of the Estate of            )
ROLAND ANTHONY BOUDREAU,    )
deceased,                                              )
                                                             )
                    Plaintiff,                          )
                                                             )
        vs.                                                )   **COMPLAINT FOR DAMAGES**
                                                             )   **FOR WRONGFUL DEATH**
UNITED STATES OF AMERICA,        )
                                                             )
                    Defendant.                       )

1.   This is an action arising under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2.   Plaintiff resides in Tamuning, Guam, which is within the territory of Guam. The acts and omissions complained of occurred within the territory of Guam.

3.   Plaintiff is the appointed, qualified and acting Personal Representative of the Estate of Roland Anthony Boudreau, Deceased, and has been authorized by the Superior Court of

**ORIGINAL**

Guam to bring this action on behalf of and benefit of the following next of kin of the decedent: Cassandra Chau Truong, Spouse, and Joshua Boudreau Chapman, son.

The above-named persons are the only next of kin of the decedent.

4. At all times herein mentioned Defendant, United States of America, by and through the Department of the Navy, an agency of Defendant, owned and operated a parcel of property in Guam commonly known as *Polaris Point* (the "Premises").

5. At all times mentioned, the employees of the Defendant, the Department of the Navy, had the duty to clean, maintain and keep the premises of *Polaris Point* in good order, maintenance and repair for the use of persons entering onto said Premises.

6. On April 2, 2005, the decedent, Ronald A. Boudreau, was attending a concert at *Polaris Point*, Guam, which concert was sponsored by the Department of the Navy's MWR. The decedent was being transported on a golf cart when the golf cart hit a bump and the decedent was thrown off the golf cart and violently hit his head on the pavement. The decedent was transported to the U.S. Naval Hospital in Guam that same day for treatment, but died there the next morning as a result of the injuries sustained in that accident.

7. The decedent was legally on the U.S. owned Premises at the time of the accident and the Defendant owed an affirmative duty to inspect the Premises and to exercise reasonable care to make the Premises safe for decedent's entry thereon.

8. The Defendant, the United States of America and its employees and agents, negligently maintained, managed, controlled and operated said Premises in that there were bumps, holes and imperfections on the roadways and other portions of the Premises which the Defendant knew, or in the exercise of reasonable care, should have known constituted a dangerous condition and unreasonable risk of harm of which decedent was at all times herein mentioned unaware of.

9. The Defendant negligently failed to take steps to either make the conditions safe or to warn decedent of the dangerous conditions, all of which caused the decedent to fall from the golf cart, hit his head on the pavement and die as a result thereof.

10. In addition to the foregoing, the Defendant negligently permitted the use of the aforesaid golf cart by persons who were not trained in operating same and negligently failed to train or supervise the operators of said golf carts, which negligence contributed to the accident hereinabove described.

11. The direct and proximate cause of the death of the decedent was the negligence of the Defendant as described hereinabove.

12. On April 3, 2005, the date of decedent's death, decedent was thirty-six (36) years old, married to Cassandra Chau Truong and had one minor child and had a life expectancy of forty-one (41) more years.

13. For many years prior to this death, decedent had been employed as a businessman and was capable of earning increasing sums of money throughout his life from such employment and, as a direct and proximate cause of Defendant's negligence, his wife and child have been damaged. As a further direct and proximate result of the death of the decedent, the decedent's spouse and child have been deprived of the loss of consortium, comfort, society, support, parental advice, care, education and guidance of decedent, all to their damage in the sum of Two Million Dollars ($2,000,000).

14. On January 12, 2006, Plaintiff filed a Claim for Wrongful Death with the Defendant in the sum of Two Million Dollars ($2,000,000).

15. As of August 21, 2006, the Department of the Navy had neither accepted nor rejected the Claim and, pursuant to 28 U.S.C. § 2675(a), Plaintiff elects to consider the failure to act

1 as a final denial of Plaintiff's Claim.

2 WHEREFORE, Plaintiff demands judgment against the Defendant in the sum of Two
3 Million Dollars ($2,000,000), attorney's fees, together with costs of suit and such other and further
4 relief as the Court may deem proper.

5 DATED at Hagåtña, Guam, on August 29, 2006.

TEKER TORRES & TEKER, P.C.

By _____
LAWRENCE J. TEKER, ESQ.
Attorneys for Plaintiff, *Cassandra C. Truong*

LJT:cs
PLDGS:TRUONG, CASSANDRA-U.S. NAVY:001

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4