ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant United States Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Ave
Hagatna, Guam 96910
Tel: 671-472-7332
Fax: 671-472-7215

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
OCT 30 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| CASSANDRA CHAU TRUONG, Administratrix of the Estate of ROLAND ANTHONY BOUDREAU, deceased, <br><br> Plaintiff, <br><br> vs <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 06-00022 <br><br> **ANSWER OF THE UNITED STATES** |

Federal Defendant United States of America, by and through its counsel, Leonardo M. Rapadas, United States Attorney for the Districts of Guam and NMI, and Mikel W. Schwab, Assistant United States Attorney for said District, answers Plaintiff's Complaint in like numbered paragraphs as follows:

1.  ADMITS that this claim is raised as Federal Tort Claim Act (FTCA) action. The jurisdictional allegations in this paragraph require no response. To the extent this paragraph is deemed to contain allegations of material fact, they are DENIED.

2.  The United States is without sufficient information as to Plaintiff's residence and therefore DENIES. The United States DENIES any omissions on its part.

3. The United States is without sufficient information as to Plaintiff's authorization to bring suit on behalf of the deceased, or the legal status of any next of kin, and therefore DENIES.

4. The United States ADMITS in part and DENIES in part. The United States ADMITS its ownership of the property, Polaris Point, but DENIES its operation as to the event related to Plaintiff's injury.

5. The United States is without sufficient information to admit or deny the allegations of this paragraph. Said allegations are therefore DENIED.

6. The United States is without sufficient information to admit or deny the allegations of this paragraph. Said allegations are therefore DENIED.

7. The United States is without sufficient information to admit or deny the allegations of this paragraph. Said allegations are therefore DENIED.

8. The United States DENIES the allegations in this paragraph.

9. The United States DENIES the allegations in this paragraph.

10. The United States DENIES the allegations in this paragraph.

11. The United States DENIES the allegations in this paragraph.

12. The United States is without sufficient information to admit or deny the

allegations of this paragraph. Said allegations are therefore DENIED.

13. The United States is without sufficient information to admit or deny the allegations of this paragraph. Said allegations are therefore DENIED.

14. The United States ADMITS.

15. The United States ADMITS.

The paragraph beginning with "WHEREFORE" sets forth Plaintiff's prayer for relief to which no response is required. To the extent this paragraph is deemed to contain allegations of material fact, they are DENIED.

All allegations not specifically responded to above are DENIED.

AND FURTHER answering, the United States avers:

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

The United States denies that it owed Plaintiff any duty under law; that any of its agents or employees were negligent and /or breached any standard of care due the Plaintiff and/or engaged in any conduct which was the proximate cause of the injuries, damages and losses allegedly incurred by Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for prejudgment interest against the United States of America.

- 3 -

### THIRD AFFIRMATIVE DEFENSE

Under 28 U.S.C. §2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States of America.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs claim is diminished or completely barred by Guam law regarding comparative/contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered injuries as alleged in Plaintiff's Complaint, such injuries were caused wholly or in part by Plaintiff's own negligence. Plaintiff was the proximate cause of the deceased's injuries.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily assumed the risk of injury.

### SEVENTH AFFIRMATIVE DEFENSE

The deceased's injuries occurred as a result of Plaintiff's failure to exercise Due Care.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable parties.

### NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer with additional defenses of which it may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

1     **WHEREFORE**, having fully answered all counts of the Complaint, Defendant
2 prays that Plaintiff takes nothing by way of his Complaint against it, that the same be dismissed,
3 and that judgment be awarded in favor of Defendant, together with costs and such other and
4 further relief as the Court deems appropriate in this case.

5     RESPECTFULLY SUBMITTED this 30th day of October 2006.

LEONARDO M. RAPADAS
United States Attorney

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

- 5 -

CERTIFICATE OF SERVICE

I, FRANCES B. LEON GUERRERO, Legal Assistant, working in the U.S. Attorney's Office, in the District of Guam, hereby certify that a copy of the "Answer of the United States", Civil Case No. 06-00022, "<u>Cassandra Chau Truong, Administratrix of the Estate of Roland Anthony Boudreau, deceased</u>, Civil Case No. 06-00022, was served by personal service to the following Attorney of Record:

Lawrence J. Teker
Teker Torres & Teker, P.C.
130 Aspinall Ave Ste. 2A
Hagatna, Guam 96910

Dated: October 30, 2006

*Frances B Leon Guerrero*
FRANCES B. LEON-GUERRERO
Legal Assistant